# DUKES COUNTY.

## ANN E. OSBORN vs. MARY T. OSBORN.

A party who did not object to the assignment of an action for trial upon a named day, cannot object, when the time for trial has arrived, that the action was put upon the trial list without authority.

An objection that a female plaintiff has married since action brought, and does not bear, at the time of trial, the surname given in the writ, cannot be taken by parol.

An objection that a declaration upon a promissory note, in a suit brought by an administratrix, does not allege to whom the note was made payable, or that the defendant owes the plaintiff, as administratrix, must be taken by demurrer.

CONTRACT. Writ dated May 10, 1870, returnable to the Superior Court. The defendant was summoned to answer to the plaintiff, as she was administratrix of Abraham Osborn, deceased. The declaration was this: "And the plaintiff says the defendant made a promissory note, a copy of which, with the indorsement thereon, is hereto annexed, and that the defendant owes the plaintiff the balance of said note and interest thereon." The copy of the note was as follows: "Edgartown, Sept. 11, 1864. For value received, I promise to pay to the order of Abraham Osborn, fifty-two hundred forty-five dollars and twenty-five cents, on demand with interest from the above date. Mary T. Osborn, executrix." The indorsement was: "Nov. 15, 1865. Paid on the within one thousand dollars. Mary T. Osborn, administratrix estate S. Osborn."

At the time of bringing the action Oliver Prescott and Joseph T. Pease, Esquires, were attorneys for the plaintiff. On Saturday, May 17, 1873, the clerk, at the request of Mr. Pease, placed the action on the trial list. On Monday, May 26, *Brigham*, C. J., called the trial list, and assigned this case as the first for trial on Tuesday morning, without objection from counsel, the junior counsel for the defendant, who was counsel of record, being present, but her senior counsel being absent.

On Tuesday, when the case was called for trial, the defendant's counsel, after a motion made by him for a continuance had been overruled, objected that Mr. Pease had in 1872 been appointed

and still was judge of probate for Dukes County, and that the case was not properly placed on the trial list, as he could not act as attorney, and stated, what was admitted on the other side, that since the commencement of the action, the plaintiff had married, and that her name then was Ann Eliza Gannett, and objected that a trial could not be had without a change of the plaintiff's name upon the record. The court directed the trial to proceed, and the plaintiff having introduced evidence of the making of the note, and it having been admitted that she was administratrix as described in the writ, the defendant objected that the action could not be maintained, because the declaration did not specify to whom the note was payable, or that the defendant owed the plaintiff as administratrix. The court overruled the objection. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*R. H. Dana, Jr.*, for the plaintiff, was not called upon.

GRAY, C. J. The court having assigned the case for trial in the presence, and without objection, of the defendant's attorney of record, it must be deemed to be regularly on the trial list, and the time of trial was within the discretion of the presiding judge.

The objection, that the plaintiff had married pending the suit, not having been suggested by the defendant by answer, motion or other allegation in writing, the court was not bound to entertain it.

The declaration, not having been demurred to, was rightly held to be sufficient to warrant the introduction of the plaintiff's evidence.                    *Exceptions overruled.*